CITY OF NEW YORK v. CHILDS.

(Supreme Court, Appellate Term. June 22, 1903.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTION OF SIDEWALK—PROCEEDINGS FOR PENALTY—BURDEN OF PROOF.

Where, in an action by a municipality for a penalty for maintaining steps and railings projecting on a street, there was no evidence showing the street line in question, it was error to permit a recovery on the assumption that the street line was the same as the house line, as the burden of showing that the defendant had encroached on the street was on the plaintiff.

2. EVIDENCE—JUDICIAL NOTICE.

In an action to recover a penalty for encroaching on a street with steps and railings, the court cannot take judicial notice that the street line and house line on a certain street are the same.

Appeal from Municipal Court, Borough of Manhattan.

Proceedings by the city of New York against Elsworth Childs to recover penalties for violation of the Revised Ordinances, §§ 330, 331, in maintaining steps and railings projecting on the street. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and TRUAX, JJ.

Dudley R. Horton (Henry D. Hotchkiss, of counsel), for appellant.
Geo. L. Roves (Arthur S. Cosby, of counsel), for respondent.

PER CURIAM. We are of the opinion that the evidence does not show that the ordinances above referred to have been violated by the defendant. No evidence was given on the trial showing the street line of the street. It was taken for granted by the plaintiff that the street line was the same as the house line. The burden of showing that the defendant had encroached upon the street more than 12 inches was upon the plaintiff. We cannot take judicial notice that the street line and the house line on Broadway are the same, and in fact the evidence shows that all the houses on Broadway at Twenty-

Eighth street, where the building in question is situated, do not have the same line, whether it be called "house line" or "street line."

Judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.